**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HUEY SONS & SKY INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> BLUE OCEAN INTERNATIONAL BANK, LLC, through its trustee DRIVEN PSC; GILLES-HENRY JACQUES ROLLET <br><br> Defendants. | **Civil No. 25-1518 (GMM)** |

<u>**OPINION AND ORDER**</u>

Pending before the Court is Defendant Blue Ocean International Bank, LLC's ("Blue Ocean") *Motion to Compel Arbitration* against Plaintiff Huey Sons & Sky International, LTD ("Huey Sons"). (Docket No. 7).

For the foregoing reasons, this Court **GRANTS** the motion and **STAYS** this action pending the outcome of arbitration proceedings.

## I. BACKGROUND

Huey Sons brought this lawsuit against Blue Ocean and Gilles-Henry Jacques Rollet ("Mr. Rollet") to challenge allegedly improper banking practices conducted by Blue Ocean.

Huey Sons is a United Arab Emirates-based company that manages investment funds across the globe. (Docket No. 1 at 2). Through

Civil No. 25-1518 (GMM)
Page -2-

this work, Huey Sons met Mr. Rollet, who invited Huey Sons to transfer assets to Blue Ocean, a bank Mr. Rollet established in Puerto Rico. (Id. at 3).

According to the *Complaint*, Huey Sons opened its first account with Blue Ocean on December 28, 2016, under account number 008045. (Id.). In early 2017, Huey Sons moved a substantial deposit into a bank in the Bahamas via Blue Ocean, but Huey Sons received no documentation from them regarding the transfer or the fund balance, which was last identified as exceeding $400,000. (Id. at 3-4). Further questionable documentation and fees arose.

Huey Sons then opened another account on January 3, 2021, on behalf of its clients Ioannis Pothitou and Ersi Eleni Pothitou, under account number 007275. (Id. at 4). Both accounts required Huey Sons to sign New Individual Account Forms ("Agreements") with Blue Ocean that contained an arbitration clause. (Docket Nos. 7 to 7-2). The clause reads as follows:

> *Dispute Resolution*: The Client and the Custodian shall attempt to resolve all disputes between them arising out of or in relating to this Agreement amicably through good faith discussions upon the written request of any party. In the event that any such dispute cannot be resolved thereby within a period of thirty (30) days after such notice has been given, such dispute shall be finally settled by arbitration in accordance with the terms of this Section 19. Any dispute which is not resolved by the Parties within such time period shall be settled by final and binding arbitration to be conducted by a single arbitrator in San Juan, Puerto Rico, pursuant to the then-existing Commercial Arbitration Rules of the American Arbitration Association. The decision or award of the arbitrator shall be final, and judgment upon such

Civil No. 25-1518 (GMM)
Page -3-

decision or award may be entered in any competent court or application may be made to any competent court for judicial acceptance of such decision or award and an order of enforcement. The arbitrator shall allocate the costs of the arbitration to any of the parties as it sees fit. Nothing contained in this Section 19 or any other provision of this Agreement shall be construed to limit or preclude a party from bringing an action for injunctive or other provisional relief to compel the other party to comply with its obligations hereunder before or during the pendency of mediation or arbitration proceedings.

(Docket No. 7-2 at 14).

Based on accounting inconsistencies, Huey Sons filed a *Complaint* on September 27, 2025 against Blue Ocean and Mr. Rollet for "dolo" claims and unjust enrichment under Puerto Rico state law. (Id. at 6-9).

Blue Ocean filed a *Motion to Compel Arbitration* on October 23, 2025. (Docket No. 7). Per the terms of their Agreements, Blue Ocean argues that these claims must be brought before an arbitrator, not the federal courts. (Docket Nos. 7, 15). Huey Sons disagrees, contending that Blue Ocean terminated the Agreements without preserving the arbitration provisions, and their disputes do not arise from the Agreements anyhow, so the essential elements to move the dispute to arbitration are not met. (Docket Nos. 12, 18).

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs arbitration clauses. 9 U.S.C. § 1. An arbitration clause in a contract

Civil No. 25-1518 (GMM)
Page -4-

evidencing transactions involving commerce is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." Id. § 2. The FAA mandates that, where a written arbitration agreement is determined to apply, courts "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id. § 4. Arbitration "is only triggered when the parties actually agreed to arbitrate." Rivera-Colón v. AT&T Mobility P.R., Inc., 913 F.3d 200, 207 (1st Cir. 2019).

A four-prong test guides this Court's inquiry into whether to issue a motion to compel arbitration. The burden rests with the moving party to prove each prong. Air-Con, Inc. v. Daikin Applied Latin Am., LLC, 21 F.4th 168, 174 (1st Cir. 2021). The Court must first identify a valid and enforceable agreement to arbitrate between the parties. Nat'l Fed. of the Blind v. The Container Store, Inc., 904 F. 3d 70, 80 (1st Cir. 2018). Next, the movant must demonstrate that they are entitled to invoke the arbitration clause, and that the opposing party is bound by it. Air-Con, 21 F.4th at 175 (citing Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011)). Lastly, the movant must prove that the asserted claim comes within the clause's scope. Soto-Fonalledas, 640 F.3d at 474 (quoting Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011)). Courts apply state law to these contractual

Civil No. 25-1518 (GMM)
Page -5-

interpretations. Rivera-Colón, 913 F.3d at 207.

Generally, motions to compel arbitration under the FAA are assessed under a motion for summary judgment standard. *See* Air-Con, 21 F.4th at 175. In reviewing the record, this Court construes all facts and reasonable inferences in the light most favorable to the non-movant. Id.

If the motion is granted, this case must be stayed pending the outcome of arbitration proceedings. 9 U.S.C. § 1.

### III. DISCUSSION

A.    Evaluation under Rule 12

Generally, the summary judgment standard is appropriate for resolving motions to compel arbitration under the FAA.[1] However, where a movant supports a motion for summary judgment with only uncontroverted allegations from the complaint, as Blue Ocean did here,[2] the Court reviews the motion like a motion to dismiss. *See* Garcia v. De Batista, 642 F.2d 11, 13-14 (1st Cir. 1981). The First Circuit has acknowledged that in exceptional cases, such as this one, the parties may treat a motion to compel arbitration as a

---

[1] Neither party submitted a statement of uncontested facts, as required under Local Rule 56. Under these circumstances, this Court may disregard the moving party's statements of fact. *See* Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); Matta Fontanet, v. MSO of P.R., LLC, No. 25-CV-01018-GMM, 2025 WL 3013178, at *4 (D.P.R. Oct. 27, 2025).
[2] Blue Ocean submitted the Agreements as Exhibits to the *Complaint*. *See* (Docket Nos. 7-1, 7-2). The authenticity of those Agreements has not been contested. When documents appended to a motion to dismiss are central to the underlying claims and neither party disputes their authenticity, the Court can consider those documents without applying the summary judgment standard. *See* Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

**Civil No. 25-1518 (GMM)**
**Page -6-**

motion to dismiss by forgoing the submission of record materials and relying solely on the pleadings to support or oppose the motion. *See* Air-Con, 21 F.4th at 175 & n.10. Under this standard, the Court accepts a complaint's non-conclusory factual allegations as true and draws all reasonable inferences in favor of the non-moving party. Zenon v. Guzman, 924 F.3d 611, 615 (1st Cir. 2019).

Importantly, neither party has identified a genuine dispute of material fact regarding the existence or contents of the Agreements or the arbitration clause. Accordingly, even under a summary judgment standard, the outcome would remain the same.

B.   Motion to Compel Arbitration

   1.   A valid contract exists to which Huey Sons and Blue Ocean are bound

It is settled law that to succeed on a motion to compel arbitration, the movant must first demonstrate that a valid agreement to arbitrate exists. Under Puerto Rico law, a valid contract must contain: (1) the consent of the contracting parties; (2) a definite object of the contract; and (3) the cause of obligation. P.R. Laws Ann. tit. 31, § 3391.[3]

Both parties provided their consent to the terms of the Agreements by signing them. *See* Caguas Satellite Corp. v. EchoStar

---

[3] Per Article 1812 of Puerto Rico's 2020 Civil Code, acts and contracts entered into under the 1930 Civil Code retain their validity under the current code but take effect under the terms of the 1930 Civil Code. P.R. Laws Ann. tit. 31, § 11717.

Civil No. 25-1518 (GMM)
Page -7-

<u>Satellite LLC</u>, 824 F. Supp. 2d 309, 314 (D.P.R. 2011) (finding parties bound to an arbitration clause via signature). Blue Ocean signed one Agreement with Huey Sons and the second with two of Huey Sons' clients, Ioannis Pothitou and Ersi Eleni Pothitou. (Docket No. 1 at 3-4). According to the *Complaint*, Huey Sons holds power of attorney over to act on their behalf. (<u>Id.</u>); *see also* (Docket No. 7-1 at 26) (providing a copy of the Power of Attorney between Huey Sons and the Pothitous). Thus, Huey Sons effectively concedes that it is properly considered as consenting to the second Agreement.[4]

   2.   <u>Blue Ocean is entitled to invoke the arbitration clause</u>

   Notably, Plaintiffs did not challenge the validity of the Agreements, and they referred to them in their *Complaint*. Both Huey Sons and Blue Ocean are parties to these Agreements, and the Court has already determined that they are bound by them. Therefore, Blue Ocean is entitled to invoke the arbitration clause.

   3.   <u>The claims are within the arbitration clause's scope</u>

   As to the scope of Huey Sons' claims, the FAA established that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Mitsubishi Motors Corp. v.</u>

---

[4] Neither Huey Sons nor Blue Ocean contest that the rest of the test is met. Indeed, Huey Sons' argument that their disputes "do not arise from the contract," (Docket No. 12 at 1), and that the parties had a "contractual relationship," (Docket No. 18 at 3), implicitly assents to the Agreements' validity and that it contained an arbitration clause. As such, the Court finds that the parties entered into valid contracts under Puerto Rico law.

Civil No. 25-1518 (GMM)
Page -8-

Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). In other words, an order to "arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986).

Moreover, a terminated contract, as alleged in the *Complaint*, may still mandate arbitration. Generally - unless the parties provided otherwise - an arbitration provision "is severable from the remainder of the contract." Biller v. S-H OpCo Greenwich Bay Manor, LLC, 961 F.3d 502, 512 (1st Cir. 2020) (*citing* Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006)). Plaintiff's argument that Blue Ocean terminated the Agreements does not defeat arbitration. As a matter of federal arbitration law, arbitration clauses are presumed to survive contract termination unless the parties clearly provide otherwise. Plaintiff has not pointed to any language expressly extinguishing the arbitration provision upon termination, nor does the Court find any such limitation in the Agreements.

As such, without interpretating the clause's ultimate reach, all doubts of the scope are resolved in favor of arbitration.

4.   Interpretation of Arbitration Clause

Huey Sons and Blue Ocean dispute whether this Court or the arbitrator has jurisdiction to hear these disputes. In other words,

Civil No. 25-1518 (GMM)
Page -9-

the parties disagree on whether they must arbitrate the question of whether to arbitrate. In addition, Huey Sons argues that the scope of its claims falls outside of the Agreements, and it questions the continued force of the arbitration clauses since Blue Ocean unilaterally terminated the Agreements entirely. Blue Ocean argues – in a reply – that incorporation of the Commercial Arbitration Rules of the American Arbitration Association ("AAA") clearly means that the arbitrator, and not the Court, rule on its own jurisdiction. (Docket No. 15 at 6-7). Huey Sons challenges the introduction of this argument in subsequent pleadings, and requests this Court decide the issue. *See* (Docket No. 18 at 1).

Gateway questions of arbitrability can be delegated to an arbitrator only by "clear and unmistakable" evidence. Biller v, 961 F.3d at 509 (*quoting* Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 69 (2019)). This is a demanding standard. Id. More than "simply saying that the arbitrator determines the meaning of any disputed contractual terms" is required. Id. (citation omitted). One such way to meet this test is via "incorporation of the [AAA's] arbitration rules"; this "constitutes clear and unmistakable evidence of the parties' intent to delegate arbitrability." Bossé v. N.Y. Life Ins. Co., 992 F.3d 20, 29 (1st Cir. 2021); Toth v. Everly Well, Inc., 118 F.4th 403, 414 (1st Cir. 2024).

Civil No. 25-1518 (GMM)
Page -10-

Blue Ocean meets this standard. The Agreement between Huey Sons and Blue Ocean clearly and unmistakably delegates the question of arbitrability to the arbitrators by requiring that AAA rules dictate "all disputes between [Blue Ocean and Huey Sons' clients] arising out of or in relating to this Agreement." (Docket No. 7-2 at 14). Indeed, the AAA rules provide that the arbitrator must hear any "objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Com. Arb. Rules & Mediation Procs. R-7(a) (2013).

In addition, "procedural questions," such as whether prerequisite steps to arbitration were completed, "are presumptively not for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (citation modified); Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd., 683 F.3d 18, 25 (1st Cir. 2012).

Accordingly, this Court's role is limited to determining the existence of a valid delegation clause. Having found such clear and unmistakable delegation, any remaining questions regarding the scope, applicability, or continued validity of the arbitration agreement must be resolved by the arbitrator, not the Court. *See* Bossé, 992 F.3d at 27-28.

**Civil No. 25-1518 (GMM)**
**Page -11-**

## IV.   CONCLUSION

For the above reasons, this Court **GRANTS** Blue Ocean's *Motion to Compel Arbitration* and **STAYS** this case pending the outcome of arbitration. Judgment shall be entered administratively closing this case pending arbitration.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on March 18, 2026.

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE